**In re RAM MANUFACTURING INC.**
**Ampro Corporation, Debtors.**

**Samuel ALPER, Trustee, Plaintiff,**

**v.**

**Richard F. GROCHOWSKI and Ethel K. Grochowski, his wife, Defendants.**

**Bankruptcy Nos. 83–00101G, 83–00102G. Adv. No. 84–0130G.**

United States Bankruptcy Court, E.D. Pennsylvania.

June 20, 1984.

Donald M. Collins, Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for trustee, plaintiff, Samuel Alper.

Samuel Alper, Philadelphia, Pa., Trustee, plaintiff.

Arthur W. Lefco, Marc S. Cornblatt, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, Pa., for defendants, Richard F. Grochowski and Ethel K. Grochowski, his wife.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issues raised by the defendants in this adversary proceeding are so simple as to merit no more than a Memorandum Opinion.

This is a chapter 11 case in which the trustee seeks, under § 542 of the Bankruptcy Code, either to enjoin the defendants from using a parcel of realty allegedly owned by the debtors, or to recover a judgment arising out of a mortgage on said realty, or to permit foreclosure on the said mortgage.

 The defendants have moved to dismiss the complaint for lack of the bankruptcy court's jurisdiction or, failing in that effort, they request this court to abstain from exercising jurisdiction so that the issues may be raised in the state court. They first look for help to *Northern Pipeline Construction Company v. Marathon Pipe Line Company,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). But, momentarily frustrated by the adoption by the District Court of the Emergency Resolution, they contend that there was a technical flaw in that procedure. The flaw: the extension of the Emergency Rule was not "published" in *The Legal Intelligencer* (the court's official publication). The defendants argue that, absent such publication, the extension issued by the Chief Judge of the District Court, is invalid. We know of no such legal proposition and the defendants' counsel has cited no authority for this preposterous suggestion. We will, accordingly, deny the motion to dismiss.

 As his second legal arrow the defendants' counsel suggests that we abstain from hearing this matter because "of the uncertainty of jurisdiction in bankruptcy courts after March 31, 1984," and because "the goal (sought by the trustee),—the sale of the real property and the improvements thereon",—is "best served by state court proceedings." As we have previously stated, only in the myopic view of the defendants' counsel is there any "uncertainty" in this court's jurisdiction.

Section 305 of the Bankruptcy Code provides that:

§ 305. Abstention

(a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—

(1) the interests of creditors and the debtor would be better served by such dismissal or suspension; or

(2)(A) there is pending a foreign proceeding; and

(B) the factors specified in section 304(c) of this title warrant such dismissal or suspension.

(b) A foreign representative may seek dismissal or suspension under subsection (a)(2) of this section.

(c) An order under subsection (a) of this section dismissing a case or suspending all proceedings in a case, or a decision not so to dismiss or suspend, is not reviewable by appeal or otherwise.

and the legislative history of this section states, in part, as follows:

[T]he court is permitted, if the interests of creditors and the debtor would be better served by dismissal of the case or suspension of all proceedings in the case, to so order. The court may dismiss or suspend under the first paragraph, for example, if an arrangement is being worked out by creditors and the debtor out of court, there is no prejudice to the

rights of creditors in that arrangement, and an involuntary case has been commenced by a few recalcitrant creditors to provide a basis for future threats to extract full payment.

There is no reason, as we see it, to abstain.